## No. 804

### KINSEL v. GROSS

No. 19818. Supreme Court

On motion to certify. Dock. May 14, 1926; 4 Abs. 322.

327. COURTS—To what extent may the trial judge examine a witness and comment generally concerning the case while examining the witness and thereby indicate the views of the court?

Jesse Gross brought this action originally in the Perry Common Pleas against Sheldon Kinsel for money claime dto be due for employment. It appears that Gross for some time was employed by Kinsel and that certain sums were paid by check at different intervals to Gross by Kinsel. The judgment of the Common Pleas for Gross was affirmed by the Court of Appeals.

Kinsel was the owner of a mine which was shut down and Gross was employed by Kinsel in the operation of said mine. Subsequent to the shut down Gross claims he continued in Kinsel's employment and that he was to receive as compensation $7.50 a day, the same wages as he paid when the mine was in operation.

Kinsel claims that he agreed to pay Gross $50 per month with rent and coal free. The court in examining Kinsel made the following remarks, which it is claimed prevented a fair and impartial trial to the jury:

"Isn't that the one you just got done telling that yau paid part of the check for labor? You're doing fine." "You come up here with a check for $66.33, that I just throwed out, and another fir $60 and you claim you will pay this man at the return of $50 a month, $25 every two weeks. If these two checks were in here on the pumping account wouldn't you have him over-paid?" "Maybe it will turn out this man's books are right yet. Go ahead".

In the charge to the jury concerning a certain check upon which was indorsed "to February 15, 1924" the court instructed in part as follows:

"I am now going to call your attention to this check that was made so much noise about. I didn't know it was in dispute at all. Marked on here this notation "To Feb. 15, 1924". Now, if he marked on there "In full to February, 1924, it would not necessarily mean the finality of it. You can open up a receipt marked "in full" in law, but to estop him here - - It doesn't make any sense marked "To Feb. 15, 1924". It don't say or anything like it that he paid him all he owed him. To get released under that situation, "This is to certify that he paid me all he owed me and there are no differences between us" and say that, that would do, but anything short of that in Ohio on receipts or on checks or anything."

Kinsel in the Supreme Court contends:

1. That the court committed prejudicial error in its remarks while examining the witness.

2. That the acceptance of the check upon which was indorsed "To Feb. 15, 1924" amounted to an accord and agreement.

3. That the charge of the court was misleading and unintelligible to the jury.

Attorneys—T. M. Potter for Kinsel; E. C. Wagner for Gross; both of New Lexington.

Note—Motion to certify overruled, 4 Abs. 405.

## No. 805

### MOSER v. MOSER et

No. 19823. Supreme Court

On motion to certify; Dock. May 18, 1926; 4 Abs. 322.

681. JURISDICTION—Does a Court of Appeals have jurisdiction to hear and determine questions concerning temporary alimony Article IV Section 6 of the Constitution of Ohio, not withstanding 11994 GC.?

Bertha Moser brought this action originally against Ernest Moser her husband in the Wood Common Pleas for divorce and alimony.

The evidence showed that Ernest Moser was the owner of considerable property and the Common Pleas in granting the divorce to the husband awarded as alimony $1000 to Bertha Moser.

On appeal to the Court of Appeals, a motion to grant temporary alimony was overruled on the ground that the court was without jurisdiction to hear and determine this question by reason of Article IV Section 6 of the Constitution of Ohio.

Bertha Moser in the Supreme Court contends:

1. That the word appeal as used in Section 6 Article IV of the Constitution should be construed to cover any cases which go to the Court of Appeals either by appeal or error and that if the appeals has power to hear the case either upon appeal or error 11994 GC. should be construed to include both cases of error and appeal.

2. That 11992 GC. does not apply where the divorce is granted to the husband.

3. That a money judgment for alimony may be given the wife even though the divroce is secured by the husband.

Attorneys—Benjamin F. James for plaintiff; S. W. Bowman for Defendant; both of Bowling Green.

Note—Motion to certify overruled, 4 Abs. 405.